# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Deutsche Bank National Trust Company, as Trustee for Holders of the GSAA Home Equity Trust 2006-16 Asset-Backed Certificates Series 2006-16, <br><br> Plaintiff <br><br> v. <br><br> SFR Investments Pool 1, LLC, <br><br> Defendant | Case No.: 2:17-cv-01166-JAD-DJA <br><br><br> **Order Granting Motion to Dismiss Action as Time-barred and Denying as Moot Motion for Summary Judgment** <br><br> [ECF Nos. 46, 48, 49] |

Deutsche Bank brings this quiet-title action to determine the effect of the 2013 non-judicial foreclosure sale of a home on which the bank claims a deed of trust securing a mortgage. The sale was conducted under Nevada's statutory scheme that grants homeowners' associations superpriority liens for a narrow category of unpaid fees and assessments that accrue on homes in their communities and allows those associations to enforce such liens with non-judicial foreclosure sales.[1]  The bank sues SFR Investments Pool 1, LLC, who purchased the property at the foreclosure sale, seeking a determination that its deed of trust survived the foreclosure.[2]  SFR moves to dismiss the bank's action as time-barred, and the bank has filed its own motion for summary judgment in its favor.[3]  Because I find that the bank's suit is barred by the applicable

---

[1] *See SFR Invs. Pool 1, LLC v. U.S. Bank* (*SFR I*), 334 P.3d 408, 409–14 (Nev. 2014); *Bank of Amer. v. Arlington West Twilight HOA*, 920 F.3d 620 (9th Cir. 2019).  The statute was substantially amended in 2015, but this case involves the pre-amendment version.

[2] ECF No. 57.

[3] I find both motions suitable for disposition without oral argument.  L.R. 78-1.

statute of limitation, I grant SFR's motion to dismiss, deny the bank's summary-judgment

motion as moot, and close this case.

## Background

Noelle Angeles and Matthew Rhinerson purchased the home at 4286 Penguin Avenue in North Las Vegas, Nevada, in 2006 with a mortgage secured by a deed of trust that designated Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.[4] After a series of assignments, Deutsche Bank is the beneficiary of the deed of trust.[5] The home is located in the Aliante common-interest community and subject to the declaration of covenants, conditions, and restrictions for the Aliante Master Association (the HOA), which requires the owners of units within this development to pay certain assessments.[6] When the owners fell behind on their assessments, the HOA commenced nonjudicial foreclosure proceedings on the home under Chapter 116 of the Nevada Revised Statutes.[7] SFR purchased the home at foreclosure on January 4, 2013.[8]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[9] Four years and nearly four months after the foreclosure sale,

---

[4] ECF No. 49-2 (deed of trust).

[5] ECF Nos. 49-3, 49-4 (assignments).

[6] ECF No. 49-2 (PUD Rider), ECF No. 49-9 (Master Declaration of CC&Rs).

[7] ECF Nos. 49-5–49-7 (notices).

[8] ECF No. 49-8 (recorded 1/8/13).

[9] *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d at 419.

the bank filed this action to save its deed of trust from extinguishment. It pursues a single claim for quiet title.[10]

SFR moves to dismiss that claim as time-barred. It argues that this quiet-title claim is an action upon a liability created by statute that had to be brought within three years of the foreclosure sale. At best, SFR contends, the bank's claim is governed by Nevada's four-year catchall deadline, which the bank missed by nearly four months.[11] The bank responds that no statute of limitations applies to its claim, but if one does, it's a five-year deadline, making its claim timely. Regardless, it avers, SFR is estopped from asserting, or has waived, any statute-of-limitations defense.[12] I consider each argument in turn.

## Analysis

**A.     The bank's claim is an equitable quiet-title claim.**

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[13] The bank's claim is labeled "quiet title" and its general purpose is to challenge the impact of the foreclosure sale on the deed of trust.[14] This requested equitable relief makes the bank's claim the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to

---

[10] Although the bank frames its complaint to contain a claim for quiet title and a second claim captioned "Injunctive Relief," injunctive relief is a remedy, not a claim for relief, and it rises and falls on the merits of the bank's quiet-title claim. *See* ECF No. 1 at 10. So I treat the bank's complaint as a single quiet-title claim that seeks declaratory relief and injunctive relief.

[11] ECF No. 48 (motion to dismiss).

[12] ECF No. 50.

[13] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[14] ECF No. 1.

quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[15]  The

resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to

sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances

support" it.[16]

**B.      The bank's claim was time-barred four years after the foreclosure sale.**

The next step is determining which statute of limitations applies to the bank's equitable

claim to quiet title.  The bank argues that its claim is not subject to a statute of limitations based

on the Nevada Supreme Court's opinion in *Facklam v. HSBC Bank*.[17]  But *Facklam* has no

application here.  In *Facklam*,[18] the Court held that non-judicial foreclosure actions are not

subject to the statutes of limitations in NRS Chapter 11 because those time bars apply only to

judicial actions, and a non-judicial foreclosure is not a judicial action.[19]  So "lenders are not

barred from foreclosing on mortgaged property merely because the statute of limitations for

contractual remedies on the note has passed."[20]  But *Facklam* is inapplicable here because this

case is not a non-judicial foreclosure action—it's a lawsuit seeking equitable relief—so it falls

under the "civil action" umbrella and is subject to the limitations periods in NRS Chapter 11.[21]

---

[15] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[16] *Id*. at 1112.

[17] ECF No. 50 at 4.

[18] *Facklam v. HSBC Bank*, 401 P.3d 1068, 1071 (Nev. 2017).

[19] *Id*. at 1070.

[20] *Id*.

[21] *See* Nev. Rev. Stat. § 11.010 ("Civil actions can only be commenced within the periods prescribed in this chapter, after the after the cause of action shall have accrued, except where a different limitation is prescribed by statute.").

The bank argues alternatively that if a limitation period applies, it's a five-year one established by NRS 11.070 or 11.080, making its claim timely.[22] But this lienholder's claim fits under neither statutory provision. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the recovery of the possession thereof other than mining claims . . . ."[23] But the bank's claim is not an action for the recovery of property or possession of property. If the bank wins, it gets only a declaration that its security interest remains on the property. Because NRS 11.080 "is focused on ownership or possession of real property,"[24] it has no application to the bank's quiet-title claim.

Nevada's other five-year statute of limitations for some quiet-title claims is found in NRS 11.070. It provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[25] But the bank's claims are not founded upon title, rents, or services, but rather upon lien rights created by a deed of trust. And although these claims impact or may impact title, they themselves are not founded upon title as NRS 11.070 requires. So the bank cannot reap the benefits of the liberal five-year limitation period in NRS 11.070 or 11.080.

The bank cites the Ninth Circuit's unpublished disposition in *Scott v. Mortgage Elec. Reg. Sys.*[26] and the Nevada Supreme Court's holding in *Saticoy Bay LLC Series 2021 Gray*

---

[22] ECF No. 50 at 5.

[23] Nev. Rev. Stat. § 11.080.

[24] *Berberich v. Bank of Amer.*, __ P.3d __, 2020 WL 1501206, *2 (D. Nev. March 26, 2020) (clarifying "that the limitations period provided by NRS 11.080 only starts to run when the plaintiff has been deprived of ownership or possession of the property").

[25] Nev. Rev. Stat. § 11.070.

[26] *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015) (unpublished).

5

1 | *Eagle Way v. JP Morgan Chase Bank.*[27] But these cases are materially distinguishable from this

2 | one because the claim that the court was analyzing in each was brought by a titleholder, not a

3 | lienholder like Deutsche Bank. So, unlike the bank's claims, those were founded on title or

4 | sought to recover property and they were properly governed by the five-year statutes of

5 | limitations in NRS 11.070 and 11.080. The bank offers no analysis of how these statutes govern

6 | an equitable quiet-title claim brought by a deed-of-trust beneficiary like itself.

7 | Still, I also cannot agree with SFR that the bank's claim is subject to the three-year

8 | statute of limitations in NRS 11.090(3)(a).[28] That statute governs actions "upon a liability

9 | created by statute, other than a penalty or forfeiture."[29] But the bank's claim is not an action

10 | upon a liability created by statute; it is an equitable action to determine adverse interests in real

11 | property, as codified in NRS 40.010.[30] Section 40.010 does not create liability, and a party

12 | cannot impose liability upon another through that statute. Rather, the statute allows for a

13 | proceeding to determine adverse claims to property. Even if I interpret the bank's quiet-title

14 | action as a claim under NRS 116.3116, it still does not seek to impose liability under that statute.

15 | So NRS 11.090(3)(a) does not apply.

16 | With no squarely applicable limitations statute for the bank's claim, I am left with the

17 | catch-all four-year deadline in NRS 11.220, which states that "[a]n action for relief, not

18 | hereinbefore provided for, must be commenced within 4 years after the cause of action shall have

19 |

20 |

---

[27] *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JP Morgan Chase Bank*, 388 P.3d 226 (Nev. 2017).

[28] *See* ECF No. 48 at 10.

[29] Nev. Rev. Stat. § 11.190(3)(a).

[30] *See Shadow Wood*, 366 P.3d at 1111 (recounting that "NRS 40.010 essentially codified the court's existing equity jurisprudence" (comma omitted)).

accrued."[31] Because the foreclosure sale occurred on January 3, 2013, and this action was filed more than four years later on April 26, 2017, the bank's action is time-barred.

As a backstop argument, the bank suggests that "SFR's failure to take any action after the HOA foreclosure sale to extinguish Deutsche Bank's deed of trust" shows that it has waived, or should be estopped from asserting, a statute-of-limitations defense.[32] But this argument assumes a duty that did not exist. SFR had no obligation to take action to extinguish Deutsche Bank's deed of trust in this case; NRS 116.3116 operates as a matter of law.[33] Any obligation to take action here rested with the bank, as the party challenging the foreclosure sale and its legal effect.[34] So the bank has not identified any basis to find waiver or estoppel here.

## Conclusion

Because the bank's equitable quiet-title action was filed after the applicable four-year statute of limitations expired, I grant SFR's motion to dismiss on this basis[35] and deny the bank's motion for summary judgment as moot.

IT IS THEREFORE ORDERED that:

- SFR Investments Pool 1, LLC's Renewed Motion to Dismiss Plaintiff's Complaint **[ECF No. 46, 48 (corrected)] is GRANTED**; THIS ACTION IS DISMISSED as time-barred; and

---

[31] Nev. Rev. Stat. § 11.220.

[32] ECF No. 50 at 7.

[33] *See SFR I*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

[34] *See Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 156 (Nev. 2019) ("The burden of demonstrating that the delinquency was cured presale, rendering the sale void, was on the party challenging the foreclosure, who failed to meet its burden.")

[35] Because I grant dismissal on this basis, I need not and do not reach SFR's other challenges to the bank's claims.

1    •    Deutsche Bank's Motion for Summary Judgment **[ECF No. 49] is DENIED** as moot.

2       IT IS FURTHER ORDERED that **the Clerk of Court is directed to ENTER**

3 **JUDGMENT ACCORDINGLY and CLOSE THIS CASE.**

4       Dated: April 7, 2020

5

                                    _____
U.S. District Judge Jennifer A. Dorsey